UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ x
  UNITED STATES OF AMERICA,    :
                                     :
           - v. -                :
                                     :
  AVIRAM AZARI,              :   19 Cr. 610 (JGK)
                                     :
                Defendant.     :
                                     :
------------------------------------------------ X

## GOVERNMENT'S MOTION PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTION 3771

 

 

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
Attorney for the United States of America

Juliana Murray
Olga I. Zverovich
Assistant United States Attorneys

*- Of Counsel –*

1

The Government respectfully submits this motion, pursuant to Title 18, United States Code, Section 3771, seeking entry of the attached proposed order, which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case.

## I.     <u>**Applicable Law**</u>

The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established certain requirements concerning the Government's notification of victims.  *See* 18 U.S.C. § 377l(a).  The Act provides that crime victims have the following rights, among others: (1) the right to be reasonably protected from the accused; (2) the right to reasonable, accurate, and timely notice of any public court proceeding, or parole proceeding, involving the crime, and timely notice of the release of the defendant; (3) the right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (4) the right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (5) the reasonable right to confer with the attorney for the Government in the case; (6) the right to full and timely restitution as provided in law; (7) the right to proceedings free from unreasonable delay; (8) the right to be treated with fairness and with respect for the victim's dignity and privacy; (9) the right to be informed in a timely manner of any plea bargain or deferred prosecution agreement; and (10) the right to be informed of these rights.  *See* 18 U.S.C. § 3771(a).  The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense." 18 U.S.C.

§ 3771(e)(2)(A).

Section 3771 requires the Court to ensure that crime victims are afforded the rights enumerated in the statute, *see* 18 U.S.C. 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded, the rights" provided, *see* 18 U.S.C. § 3771(c)(1).  The Act does not set forth any specific notification procedures.  In addition, the Act recognizes that in cases involving a large number of crime victims, it may be impracticable to accord all of the victims the rights identified in Section 3771(a).  *See* 18 U.S.C. § 3771(d)(2).  Specifically, the Act provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings."  *Id.*  A number of Courts in this district have addressed the effect of the Act in cases involving large numbers of victims, and have approved procedures similar to those proposed and outlined below.  *See, e.g., United States v. Madoff*, 09 Cr. 213 (DC); *United States v. Rigas,* 02 Cr. 1236 (LBS); *United States v. Ebbers,* S3 02 Cr. 1144 (BSJ); *United States v. Eberhard,* S1 03 Cr. 562 (RWS); *United States v. Bongiorno,* 05 Cr. 390 (SHS).

## II.     Discussion

This case involves charges arising from a spearphishing and hacking campaign that targeted a large number and variety of organizations and individuals, including : (a) individuals who worked at non-profit entities based in the Southern District of New York and elsewhere that focused on climate change advocacy; and (b) various financial industry and services companies, including hedge funds based in the Southern District of New York and elsewhere. The campaign was designed in part to procure and compromise the credentials (usernames and passwords) of individuals who worked at these companies, through spearphishing emails being

2

sent to both the work and personal email accounts of the individuals targeted, as well as to email accounts belonging to the targets' colleagues and family members.  The individuals behind the hacking activities were engaged in hacking campaigns from at least 2014 through September 2019.

Aviram Azari ("Azari" or "the defendant") is an Israeli private investigator and security and intelligence consultant who operated various companies, including Aviram Hawk Intelligence.  Azari hired hackers based in India and elsewhere to target potential victims with spearphishing attacks on behalf of Azari's clients, which included Israeli, European, and U.S. companies.  Azari provided the hackers with, among other things: (1) information on main targets for each hacking project (including but not limited to their names, their online accounts, and their phone numbers); (2) information on individuals who were related to or "surrounded" the main targets, such as the main target's family, friends, or co-workers; and (3) online infrastructure (such as servers and particular spearphishing emails) to execute their spearphishing campaigns.  In instances in which an account was successfully hacked, a hacker would advise Azari of the "success," including by sending evidence of the successful intrusion, including but not limited to data regarding the type of account and username and password for the target, and screenshots showing the inbox or landing page of the intruded-upon account.

The potential victims in this case include, among others, the individuals and entities who were targeted by the hackers.  Based on evidence collected during the course of the investigation, including target lists obtained pursuant to judicially-authorized search warrants, and emails reflecting successful hacks, the Government is aware of thousands such individuals

3

and entities; however, the Government does not know whether its information is complete. Indeed, there are likely to be thousands of additional individuals and entities who were targeted during the course of the spearphishing and hacking scheme, many of whom have not yet been identified by the Government.  Moreover, because of the international nature of the scheme, many of the potential victims reside outside of the United States.

Given that there are thousands of potential victims in this case, and that as far as the Government is aware, there is no available compilation of all victim individuals and entities, the Government respectfully submits that it is impracticable to give individualized notice to each potential victim.  Therefore, the Government requests a finding that, under these circumstances, it is impracticable to accord all of the victims the rights described in Section 3771(a).  In order to give effect to the rights of the victims, however, the Government respectfully submits that the procedure outlined below is "reasonable" under Section 3771(d)(2).  While seeking the proposed order earlier in this proceeding would have been preferable, given that the defendant has not yet been sentenced, implementing the procedures described therein at this stage of the case is nonetheless appropriate.

The Government will inform potential victims of all public court proceedings by posting notice of those proceedings on the Internet website of the Office of the United States Attorney for the Southern District of New York: http://www.usdoj.gov/usao/nys.  The Government's Internet posting will specify that the Court, in order to conduct orderly proceedings and to maintain a reasonable schedule, requires notice from potential victims who wish to be heard at any public proceeding at which victims retain such a right under the Act (i.e., any "public proceeding . . . involving release, plea, sentencing or any parole proceeding,"

4

*see* 18 U.S.C. 3771(a)(4)).  Moreover, the media coverage of this case suggests that potential victims can expect dissemination of publicly-available documents and information through a wide variety of media outlets.

The Government respectfully submits that the proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case, and requests that the Court enter the proposed order.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court enter the Proposed Order

Dated:          New York, New York
                April 29, 2022

                                Respectfully submitted,

                                DAMIAN WILLIAMS
                                United States Attorney for the
                                Southern District of New York


                        by: _____/s/_____
                                Juliana Murray / Olga Zverovich
                                Assistant United States Attorneys
                                (212) 637-2314 / 2514