**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------

**UNITED STATES OF AMERICA,**

          - against -

**AVIRAM AZARI,**
                  **Defendant.**
------------------------------------

**19-cr-610 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

The defendant Aviram Azari, has moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) based on allegedly "extraordinary and compelling reasons." For the reasons explained below, the request is **denied.**

**I.**

Azari pleaded guilty, pursuant to a plea agreement, to three counts of a superseding indictment, namely, conspiracy to commit computer hacking in violation of 18 U.S.C. 1030(a)(2)(C) and (c)(2)(B) ("Count One"); (2) wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 ("Count Three"); and aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1), (b), and 2 ("Count Four").

As the Court explained at sentencing on November 16, 2023: "The defendant was responsible for arranging the hacking of thousands of individuals and entities. The hacking had a devastating impact on individuals and entities. It resulted in personal grief and anxiety for individuals." Tr. at 60, ECF No.

79. "[T]he defendant was paid $4.8 million over nearly five years, which was in turn paid [in part] to those who actually did the hacking." Id. Several of the victims spoke at the defendant's sentencing. Id. at 45-59.

The Court determined that the defendant's Offense Level under the Sentencing Guidelines was 27, his criminal history category was I, and the Guidelines Sentencing Range was 70 to 87 months, to be followed by a consecutive sentence of 24 months on Count Four, for a total Guideline Sentencing Range of 94-111 months. Id. at 59. The Court recognized that there were mitigating circumstances including the deplorable conditions of confinement to which the defendant had been subjected during his incarceration and his gastrointestinal problems, which had not been adequately attended to while the defendant was incarcerated. Id. at 60. Taking all those factors into account, the Court downwardly varied to a sentence of 56 months' imprisonment on Counts One and Three, to be followed by a sentence of 24 months' imprisonment on Count Four, for a total of 80 months' imprisonment. Id. at 61.

The Court recommended that the Bureau of Prisons provide medical care to the defendant. See ECF No. 50. The Court also recommended, at defense counsel's request, "that the defendant be designated to FMC Fort Devens, Massachusetts, or another facility capable of meeting the defendant's physical needs." Tr.

at 67. The defendant was ultimately designated to FCI Fort Dix, New Jersey, where he has been serving his sentence since January 2024. Ex. A to Gov't Letter, ECF No. 85. The defendant is scheduled to be released on or about March 20, 2025. Id. at 3.

**II.**

As relevant here:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with appliable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Thus, a court may grant compassionate release, assuming the defendant has pursued administrative remedies as required, where there are "extraordinary and compelling reasons" warranting a sentence reduction, and the reduction is both supported by the factors set forth in 18 U.S.C. § 3553(a) and "consistent with applicable policy statements issued by the Sentencing Commission." Id.

Under the applicable policy statement in U.S.S.G. § 1B1.13, "[e]xtraordinary and compelling reasons exist" if:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). . . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>    (i) suffering from a serious physical or medical condition,
>    (ii) suffering from a serious functional or cognitive impairment, or
>    (iii) experiencing deteriorating physical or mental health because of the aging process,
>    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1).

In United States v. Brooker, 976 F.3d 228 (2d Cir. 2020), the Court of Appeals for the Second Circuit concluded that the version of the applicable policy statement in effect at the time of the First Step Act's adoption applied only to motions filed by the Director of the Bureau of Prisons and therefore was non-binding on

4

district courts addressing defendant-filed motions. Id. at 236 (interpreting the then-applicable version of U.S.S.G. § 1B1.13). The relevant Guidelines policy statement was amended as of November 1, 2023, however, to make clear that § 1B1.13 applied to motions for a reduction of sentence directed to district courts as well as the Bureau of Prisons. See, e.g., United States v. Corbett, No. 10 Cr. 184, 2023 WL 8073638, at *3 (S.D.N.Y. Nov. 21, 2023); see also United States v. Laford, No. 11 Cr. 1032-07, 2024 WL 3778890, at *3 (S.D.N.Y. Aug. 12, 2024); United States v. Donato, No. 95-CR-223, 2024 WL 1513646, at *4 (E.D.N.Y. Apr. 8, 2024). "The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated." Corbett, 2023 WL 8073638, at *3.

### III.

In this case, the defendant has exhausted his administrative remedies because he sought compassionate release from the Warden of FCI, Fort Dix and, more than thirty days after the request, has not received a reply. See 18 U.S.C. § 3582(c)(1)(A). It is undisputed that the defendant has exhausted his administrative remedies.

However, the defendant has failed to show that his medical conditions qualify under the provisions of § 1B1.13. The defendant relies on his gastrointestinal issues and claims that

5

they require surgery which has been denied. But he refers to the same report that the Court considered at the time of sentencing, which did not convince the Court that no further imprisonment was appropriate. On August 5, 2024, the defendant received a thorough examination at Fort Dix, although the defendant correctly notes that there is no explanation as to why that examination was delayed. In any event, the physician examined the defendant and reviewed the defendant's medical records including a CT scan of the defendant's abdomen in September 2022, an MRI of the defendant's abdomen in January 2023, and a follow-up with a Gastroenterologist on May 9, 2023. The physician has also scheduled a Gastroenterology consultation for a target date of September 30, 2024. There is no indication that the physician recommended any other immediate treatment that the defendant is not receiving.

Based on the records submitted, the Court cannot conclude that the defendant has met any of the exacting criteria for an extraordinary and compelling reason as currently defined in § 1B1.13. The only arguably qualifying provision is (B)(i), but the defendant has failed to show that his gastroenterological condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility" or that "he . . . is not expected to recover." U.S.S.G. § 1B1.13(B)(1). To the extent that the defendant relies

on the medical records submitted to the Court at the time of sentencing and which he believes would assist in his medical treatment at Fort Dix, he or his counsel should submit those records to the Fort Dix medical staff. If the defendant or his counsel has specific complaints about the medical treatment at Fort Dix, he can raise those complaints with the officials at Fort Dix and can also bring them to the attention of the Court in the future.

Moreover, the defendant has failed to show that the section 3553(a) factors justify the defendant's release. The defendant relies on the conditions of his confinement prior to his designation to FCT Fort Dix, but the Court already took those conditions into account when it downwardly varied and imposed the sentence the sentence it imposed. There is nothing about the additional treatment at Fort Dix that leads the Court to change its assessment of the section 3553(a) factors. The defendant committed a serious offense that impacted thousands of entities and individuals and resulted in the defendant being paid over $4.8 million over almost five years, a portion of which was in turn paid to hackers. The crimes the defendant committed had a substantial impact on the victims. The Court specifically found at sentencing that the sentence was "consistent with the factors in Section 3553(a)(2)." Tr. at 62. In his submission, the defendant points to nothing that transpired in the nine and a

7

half months after the Court imposed the sentence that leads the Court to revise that conclusion.

## Conclusion

The Court has carefully considered all of the arguments of the parties. To the extent not specifically addressed above, the arguments are either moot or without merit. The defendant's application for a reduction of sentence is **denied**.

SO ORDERED.
Dated:  New York, New York
        September 10, 2024

_____
John G. Koeltl
United States District Judge